THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
        justin.rhoades@usdoj.gov
        jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>EVELYN MENDOZA</u> |
| v. | ) |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) |

    1.  This constitutes the plea agreement between EVELYN MENDOZA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//
//

PLEA

2.   Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

   a.   Defendant entered into an agreement with at least one other person to commit the crime of distribution of heroin; and

   b.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4.   Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part involved the distribution of at least one kilogram of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic controlled substance.  Defendant admits that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part did, in fact, involve the distribution of at least one kilogram of a mixture or substance containing a detectable amount of heroin, as described in count one of the First Superseding Indictment.

## PENALTIES

5. The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: lifetime imprisonment, a lifetime period of supervised release, a fine of $4,000,000, and a mandatory special assessment of $100.

6. The statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 10 years imprisonment, a 5-year term of supervised release, and a mandatory special assessment of $100.

7. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such

benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.  Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11.  Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown and continuing through April 9, 2009, defendant knowingly and intentionally conspired to distribute more than 1 kilogram of heroin in East Los Angeles. Defendant admits that she was a manager and supervisor who would direct and coordinate the distribution of heroin by others as well as process and package the heroin for distribution. Defendant spoke by telephone with co-defendant Pedro Pablo Avena Cuna regarding the distribution of heroin.

The heroin was packaged in multicolored balloons for individual distribution, and was usually sold in quantities of 24

balloons per bag, referred to by code words such as "food," "tacos," "burritos," "tamales," and "shirts" during telephone conversations.  Defendant would mix the heroin with lactose and other cutting agents and package it in balloons to sell to individuals who then sell the balloons to users.  Defendant and her co-conspirators would conceal the heroin in hidden compartments in vehicles and would coordinate information regarding law enforcement activity so as to evade detection of their heroin trafficking.

    Examples of defendant's activities in furtherance of the conspiracy include the following: 1) on October 23, 2008, defendant informed defendant co-defendant Pedro Luis Perez-Cruz that heroin distributors were calling and asking defendant to deliver heroin to them and further stated that she was packaging the heroin for distribution, but that co-defendant Amelia Mendoza could not deliver the heroin; 2) on November 5, 2008, defendant told co-defendant Pedro Luis Perez-Cruz that defendant trusted the people who worked for her in the heroin distribution conspiracy not to cooperate with law enforcement because they had worked for her for many years; 3) on November 5, 2008, defendant informed co-defendant Pedro Luis Perez-Cruz that defendant had to spend the night preparing heroin for distribution because she and an unidentified co-conspirator would be distributing heroin the entire following day; and 4) on November 6, 2008, defendant informed defendant Pedro Luis Perez-Cruz that the vehicles she and those working for her used for heroin distribution had hidden compartments in which to hide heroin.

1  Defendant also admits that she possessed with others the
2 following quantities of heroin on the following dates: 1) 666.7
3 grams of heroin in February 9, 2008; 2) 90.1 grams of heroin on
4 October 23, 2008, and 3) 369.2 grams of heroin on March 24, 2009.
5  Throughout her participation in the conspiracy, defendant
6 knew that the substance she conspired to and did possess and
7 distribute was heroin.  Defendant further admits that she knew
8 that the conspiracy to distribute heroin included an agreement to
9 distribute more than 1 kilogram of heroin.

## WAIVER OF CONSTITUTIONAL RIGHTS

11  12.  By pleading guilty, defendant gives up the following
12 rights:

  a) The right to persist in a plea of not guilty.

  b) The right to a speedy and public trial by jury.

  c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite her plea of guilty, she retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

  d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e) The right to confront and cross-examine witnesses against defendant.

  f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the

6

1 charges, including the right to call witnesses and to subpoena
2 those witnesses to testify.
3       g) The right not to be compelled to testify, and, if
4 defendant chose not to testify or present evidence, to have that
5 choice not be used against defendant.
6
7     By pleading guilty, defendant also gives up any and all
8 rights to pursue any affirmative defenses, Fourth Amendment or
9 Fifth Amendment claims, and other pretrial motions that have been
10 filed or could be filed.

11 <u>SENTENCING FACTORS</u>

12    13. Defendant understands that the Court is required to
13 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
14 including the kinds of sentence and sentencing range established
15 under the United States Sentencing Guidelines ("U.S.S.G." or
16 "Sentencing Guidelines"), in determining defendant's sentence.
17 Defendant further understands that the Sentencing Guidelines are
18 advisory only, and that after considering the Sentencing
19 Guidelines and the other § 3553(a) factors, the Court may be free
20 to exercise its discretion to impose any reasonable sentence up
21 to the maximum set by statute for the crime of conviction.
22    14. Defendant and the USAO agree and stipulate to the
23 following applicable Sentencing Guidelines factors:
24    Base Offense Level  :   32   U.S.S.G. § 2D1.1(c)(4)
25    Aggravating Role    :   +3   U.S.S.G. § 3B1.1(b)
26 Defendant and the USAO reserve the right to argue that additional
27 specific offense characteristics, adjustments, and departures
28 under the Sentencing Guidelines are appropriate. Defendant also

understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

15. There is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

17. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

### DEFENDANT'S OBLIGATIONS

18. Defendant agrees that she will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of

sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

       d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

       e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

       f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

19. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

       a) To abide by all sentencing stipulations contained in this agreement.

       b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

       c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up

to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

d) To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range provided that the total offense level as calculated by the Court is 32 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines imprisonment range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## BREACH OF AGREEMENT

20. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

21. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

10

        a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

        b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

        c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL</u>

22.  Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 32, and the applicable criminal history category as determined by the Court.

1  Notwithstanding the foregoing, defendant retains any ability
2  defendant has to appeal the conditions of supervised release
3  imposed by the Court, with the exception of the following:
4  conditions set forth in General Orders 318, 01-05, and/or 05-02
5  of this Court; the drug testing conditions mandated by 18 U.S.C.
6  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
7  conditions authorized by 18 U.S.C. § 3563(b)(7).
8       23.  The USAO gives up its right to appeal the sentence,
9  provided that (a) the sentence is within the statutory minimum
10 and maximum specified above and is constitutional, and (b) the
11 Court imposes a sentence within or above the range corresponding
12 to a total offense level of 32, and the applicable criminal
13 history category as determined by the Court.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

15      24.  Defendant agrees that if any count of conviction is
16 vacated, reversed, or set aside, the USAO may: (a) ask the Court
17 to resentence defendant on any remaining counts of conviction,
18 with both the USAO and defendant being released from any
19 stipulations regarding sentencing contained in this agreement,
20 (b) ask the Court to void the entire plea agreement and vacate
21 defendant's guilty plea on any remaining count of conviction,
22 with both the USAO and defendant being released from all of their
23 obligations under this agreement, or (c) leave defendant's
24 remaining conviction, sentence, and plea agreement intact.
25 Defendant agrees that the choice among these three options rests
26 in the exclusive discretion of the USAO.
27
28

### COURT NOT A PARTY

25.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

26.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

///

///

1  This agreement is effective upon signature by defendant and
2  an Assistant United States Attorney.
3  AGREED AND ACCEPTED
4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
   THOMAS P. O'BRIEN
6  United States Attorney

7  /s/ Justin Rhoades                              9/30/09
8  ARIEL A. NEUMAN                                 Date
   JUSTIN RHOADES
9  JEFF MITCHELL
   Assistant United States Attorneys
10

11     I, EVELYN MENDOZA, have read this agreement and carefully
12 discussed every part of it with my attorney.  It has been read to
13 me in Spanish, the language I understand best.  I understand the
14 terms of this agreement, and I voluntarily agree to those terms.
15 My attorney has advised me of my rights, of possible defenses, of
16 the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
17 relevant Sentencing Guidelines provisions, and of the
18 consequences of entering into this agreement.  No promises or
19 inducements have been given to me other than those contained in
20 this agreement.  No one has threatened or forced me in any way to
21 enter into this agreement.  Finally, I am satisfied with the
22 representation of my attorney in this matter.
23 /s/ Evelyn Mendoza                               08/12/09
   EVELYN MENDOZA                                  Date
24 Defendant
25
26
27
28

1 | I, _Michelle Seanez_, am fluent in written and spoken
2 | English and Spanish languages. I accurately translated this
3 | entire agreement from English into Spanish to defendant EVELYN
4 | MENDOZA on this date.
5 | _/s/ Michelle_                          07/30/09
   |                                          Date
6 | Interpreter
7 |
8 | I am EVENLYN MENDOZA's attorney. I have carefully discussed
9 | every part of this agreement with my client. Further, I have
10 | fully advised my client of her rights, of possible defenses, of
11 | the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
12 | relevant Sentencing Guidelines provisions, and of the
13 | consequences of entering into this agreement. To my knowledge,
14 | my client's decision to enter into this agreement is an informed
15 | and voluntary one.
16 |
17 | _/s/ David Botchman_                    8/12/09
   | ~~MICHAEL J. TREMAN~~                    Date
18 | Counsel for Defendant
   | EVELYN MENDOZA